UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AIJALON WALLACE MCLITTLE, II,

       Plaintiff,

v.                                  Civil Case No. 05-70841
                                  Criminal Case No. 95-81146-14

UNITED STATES OF AMERICA,      Honorable Patrick J. Duggan

       Defendant.

_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RELEASE PENDING APPEAL, DENYING AS MOOT PETITIONER'S MOTION FOR EXTENSION OF TIME, AND DENYING PETITIONER'S MOTION FOR RECONSIDERATION

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on MAY 4, 2005.

PRESENT:      THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Petitioner Aijalon Wallace McLittle, II is a federal prisoner currently incarcerated at the Federal Correctional Institution in Sheridan, Oregon. On October 28, 1997, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2255, raising ineffective assistance of counsel, actual innocence, and misapplication of the Sentencing Guidelines. This Court denied Petitioner's § 2255 motion. *McLittle v. United States*, No. 97-75640 (E.D. Mich. June 30, 1998). On March 4, 2005, Petitioner filed a successive petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, or in the alternative, pursuant to 28 U.S.C. §

2255 challenging his sentence.  In an Opinion and Order dated April 12, 2005, this Court denied Petitioner's writ pursuant to § 2255 because Petitioner failed to obtain permission from the court of appeals to file a successive petition.  The Court also denied Petitioner's writ pursuant to § 2241 because the petition was not properly filed in the court having jurisdiction over the prisoner's custodian.  Presently before the Court are Petitioner's Motion for Release Pending Appeal, Petitioner's Motion for Extension of Time, and Petitioner's Motion for Reconsideration.

On March 18, 2005, Petitioner filed a Motion for Release Pending Appeal alleging that he is actually innocent.  Because this Court found that it could not reach the merits of Petitioner's writ of habeas corpus pursuant to § 2255 and § 2241, this Court does not believe that release is appropriate.

On April 28, 2005, Petitioner filed a Motion for Extension of Time seeking ten additional days within which to file his Motion for Reconsideration.  Local Rule 7.1(g)(1) provides: "A motion for rehearing or reconsideration must be filed within 10 days after entry of the judgment or order."  Rule 6 of the Federal Rules of Civil Procedure provides, in pertinent part:

> **(a) Computation**.  In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included. . . .  When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. . . .
>
> * * *
>
> **(e) Additional Time After Service Under Rule 5(b)(2)(B), (C), or (D)**.  Whenever a party has the right or is required to do some act or take some

proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party under Rule 5(b)(2)(B), (C), or (D), 3 days shall be added to the prescribed period.

In this case, the Court's Opinion and Order was entered on April 12, 2005. Thus, the time for filing a motion for reconsideration began to run on April 13, 2005. Plaintiff had 13 days (10 days set out in the L.R. 7.1(g)(1) plus 3 additional days pursuant to FED. R. CIV. P. 6(e)) exclusive of Saturdays and Sundays to file his motion for reconsideration, or until May 2, 2005. Because Plaintiff filed his Motion for Reconsideration on May 2, 2005, the Court need not extend the time for filing and therefore, Plaintiff's Motion for Extension of Time is denied as moot.

Petitioner's Motion for Reconsideration is governed by Eastern District of Michigan Local Rule 7.1(g)(3) which provides:

> (3)   Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Thus the Court will grant a motion for reconsideration if the moving party shows: (1) a "palpable defect," (2) that the defect misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case. *Sundberg v. Keller Ladder*, 189 F. Supp. 2d 671, 674 (E.D. Mich. 2002). A palpable defect is one which is obvious, clear, unmistakable, manifest, or plain. *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001).

Petitioner has not alleged any "palpable defect by which the court and the parties have

been misled." E.D. MICH. L.R. 7.1(g)(3). In his Motion for Reconsideration, Petitioner notes "This is the third time Petitioner has addressed §2255(3) to this court, [sic] have been continually ignored and the court has failed to consider this ground . . ." (Mot. for Reconsideration at 1). As stated above, the Court did not reach the merits of Petitioner's successive § 2255 because Petitioner failed to obtain permission to file a successive motion from the court of appeals. Moreover, Petitioner's Motion does not even articulate any reason for reconsidering his petition pursuant to § 2241.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Release Pending Appeal is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Extension of Time is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Reconsideration is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Aijalon W. McLittle, II
Register No. 21050-039
FCI Sheridan
P.O. Box 5000
Sheridan, OR 97378-5000

William J. Sauget, AUSA