UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AIJALON WALLACE MCLITTLE,

    Petitioner,

Case No. 95-81146

v.

Honorable Patrick J. Duggan

UNITED STATES OF AMERICA,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S
MOTION TO RECALL MANDATE**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 30, 2007.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Petitioner Aijalan Wallace McLittle, II is a federal prisoner currently incarcerated at the at the Federal Correctional Institution in Waseca, Minnesota. Petitioner is proceeding *pro se*. Presently before this Court is Petitioner's Motion to Recall the Mandate. For the reasons set forth below, Petitioner's motion will be denied.

**I.    Background**

Petitioner and twenty-one co-defendants were charged with violating the Racketeering Influence and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962, based on their involvement in a series of robberies. After pleading guilty pursuant to a plea

agreement, Petitioner was sentenced to 108 months in prison for violating RICO and a consecutive term of 60 months for violating 18 U.S.C. § 924(c) for carrying a firearm during the commission of a "crime of violence." Petitioner did not file a direct appeal.

On October 28, 1997, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2255, raising ineffective assistance of counsel, actual innocense, and misapplication of the Sentencing Guidelines. This Court denied Petitioner's § 2255 petition, *McLittle v. United States*, No. 97-75640 (E.D. Mich. June 30, 1998), and Petitioner appealed to the Sixth Circuit Court of Appeals. The Sixth Circuit affirmed the district court's judgment. *See McLittle v. United States*, 208 F.3d 214, 2000 WL 302708 (6th Cir. May 17, 2000).

On March 3, 2004, Petitioner filed a motion in the Sixth Circuit seeking permission to file a second or successive motion to vacate sentence under 28 U.S.C. § 2255. On September 28, 2004, the Sixth Circuit denied Petitioner's motion, concluding that Petitioner's claim was not based on newly discovered evidence. (*See* Docket No. 675, Sixth Circuit File No. 04-1123 Or.).

On March 4, 2005, Petitioner filed another a petitioner for writ of habeas corpus pursuant to 28 U.S.C. § 2241 or, in the alternative, pursuant to 28 U.S.C. § 2255, raising actual innocence of the RICO crime, violation of *Blakely*[1] and *Booker/Fanfan*[2], and an unknowing and involuntary guilty plea. This Court denied this petition on April 12,

---

[1]*Blakely v. Washington*, 124 S. Ct. 2531 (2004).

[2]*United States v. Booker* and *United States v. Fanfan*, 125 S. Ct. 738 (2005).

2005.  (Docket No. 689).  On May 2, 2005, Petitioner filed a motion for reconsideration, which was subsequently denied on May 4, 2005.  (Docket Nos. 693, 694).

On May 26, 2005, Petitioner filed a motion seeking certificate of appealability, which was denied on June 1, 2005.  (Docket Nos. 697, 699).  The Sixth Circuit affirmed the district court's denial of a certificate of appealability on January 10, 2006.  (Docket No. 707, Sixth Circuit File No. 05-1704 Or.).

**II.    Discussion**

In his motion, Petitioner states that he is "requesting this Honorable court to [s]ua sponte request the U.S. Court of Appeals for the Sixth Circuit [to] recall it's [sic] mandate in light of *United States v. Booker*, 125 S. Ct. 739 (2005) to re-sentence Petitioner to a just and proper sentence due to him continually being incarcerated for a RICO robbery he did not commit."  (Petitioner's Mot. at 1).  In support of his assertion, Petitioner provides a letter of a co-defendant and an affidavit of another inmate stating that Petitioner did not commit the RICO robbery.  (*Id.* Exs. B & C).  According to Petitioner, "[t]hese facts present 'extraordinary circumstances' which warrants [sic] recall of the mandate and remand for re-sentencing."  (*Id.* at 2).

"[T]he courts of appeals are recognized to have an inherent power to recall their mandates[3] . . . ."  *Calderon v. Thompson*, 523 U.S. 538, 549-50, 118 S. Ct. 1489, 1498 (1998).  Furthermore, "such a power should only be exercised in extraordinary circumstances because of the profound interests in repose attached to a court of appeals

---

[3]A "mandate" is defined in relevant part as "[a]n order from an appellate court directing a lower court to take a specified action."  BLACKS LAW DICTIONARY 973 (7th ed. 1999).

mandate." *United States v. Saikaly*, 424 F.3d 514, 517 (6th Cir. 2005).

This Court does not believe that the circumstances presented by Petitioner are so "extraordinary" to request that the Sixth Circuit Court of Appeals to recall their mandate.[4] In addition, to the extent that Petitioner argues that *Booker/Fanfan* supports his position, the Sixth Circuit has held that "the incremental change in the law as evidenced by *Apprendi*, *Blakely* and *Booker* simply is not the type of unforeseen contingency which warrants recall of the mandate to permit yet another round of appellate review." *Id.* at 517.

Accordingly,

**IT IS ORDERED**, that Petitioner's Motion to Recall the Mandate is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Aijalon Wallace McLittle, II
FCI Waseca
Federal Correctional Institute
P.O. Box 1731
Waseca, MN 56093

William J. Sauget, AUSA

---

[4] It is not clear which "mandate" Petitioner is challenging.